UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

O.E. WHEEL DISTRIBUTORS, LLC,

    Plaintiff,

v.                                            Case No: 8:21-cv-2573-CEH-SPF

MOBILE HI-TECH WHEELS, LLC
and WHEEL PROS, LLC,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon Defendant Wheel Pros, LLC's Unopposed Motion for Leave to File Certificate of Interested Persons and Corporate Disclosure Statement Under Partial Seal [Doc. 24], filed on February 9, 2022. In the motion, Defendant argues that it has confidential private equity investors and because the identity of these investors is highly sensitive to it, public disclosure of their identity in its Certificate of Interested Persons and Corporate Disclosure Statement would cause irreparable harm to it and its investors. The Court, having considered the motion and being fully advised in the premises, will deny Defendant Wheel Pros, LLC's Unopposed Motion for Leave to File Certificate of Interested Persons and Corporate Disclosure Statement Under Partial Seal.

## DISCUSSION

A motion to seal pursuant to Local Rule 1.11(c):

    (1) must include in the title "Motion for Leave to File Under Seal";

    (2) must describe the item proposed for sealing;

    (3) must state the reason:
        (A) filing the item is necessary,
        (B) sealing the item is necessary, and
        (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory;

    (4) must propose a duration of the seal;

    (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

    (6) must include a legal memorandum supporting the seal; but

    (7) must not include the item proposed for sealing.

Additionally, the party seeking the seal must establish that good cause exists for sealing. *See Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1364 (11th Cir. 2021) ("A party seeking to seal documents must generally first show good cause.").

    The motion requests that Defendant be allowed to file its Local Rule 3.03(a) Certificate of Interested Persons and Corporate Disclosure Statement under partial seal and to redact the names of the confidential investor. [Doc. 24 at p. 2]. Filing is necessary pursuant to Local Rule 3.03(a). *Id.* at p. 4. Defendant contends that partial sealing is necessary so that the identity of the confidential investors can be redacted from the public filing. *Id.* The seal is requested for the full duration of litigation. *Id.* at p. 5.

Here, the Court questions whether there is good cause to seal. While Defendant contends that the identity of its investors is highly sensitive, it does not explain why. A blanket assertion of confidentiality is not sufficient to establish good cause. *See WellCare Health Plans, Inc. v. Preitauer*, No. 8:12-CV-713-JSM-MAP, 2012 WL 1987877, at *3 (M.D. Fla. May 23, 2012) (reasoning that "[a] blanket assertion that Preitauer is in possession of confidential information is not enough" and that parroting the language of the statute is also not sufficient), *report and recommendation adopted*, No. 8:12-CV-713-JSM-MAP, 2012 WL 1987692 (M.D. Fla. June 4, 2012).

Accordingly, it is hereby **ORDERED**:

1. Defendant Wheel Pros, LLC's Unopposed Motion for Leave to File Certificate of Interested Persons and Corporate Disclosure Statement Under Partial Seal [Doc. 24] is denied.

**DONE AND ORDERED** in Tampa, Florida on February 16, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any