## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

O.E. WHEEL DISTRIBUTORS, LLC,

     Plaintiff,

v.                          Case No: 8:21-cv-2573-CEH-SPF

MOBILE HI-TECH WHEELS, LLC
and WHEEL PROS, LLC,

     Defendants.

_____

## O R D E R

    This cause comes before the Court upon Defendants Mobile Hi-Tech Wheels, LLC, and Wheel Pros, LLC's, Motion to Dismiss Complaint, or, in the Alternative, Motion for a More Definite Statement (Doc. 31), Plaintiff O.E. Wheel Distributors, LLC's Response in Opposition (Doc. 34), and Defendants' Reply (Doc. 41). For the reasons set forth below, the Court will grant the motion to dismiss the amended complaint as a shotgun pleading, and deny the motion in all other respects.

## I.    FACTUAL BACKGROUND[1]

---

[1] The following statement of facts is derived from the operative complaint (Doc. 27), the allegations of which the Court must accept as true in ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As will be discussed in Section III(B), note 4, *infra*, the Court is not permitted to consider Defendants' reference to prior art in its responsive pleadings without converting the instant motion to a motion for summary judgment, which the Court declines to do. Fed. R. Civ. P. (12)(d); *see Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1372 (Fed. Cir. 2013) ("neither claim construction nor prior art is required to be included in the pleadings").

Plaintiff, OE Wheels, is a limited liability company that has been in business in the State of Florida since 2001 (Doc. 27). Defendant Wheel Pros merged with Defendant Mobile Hi-Tech Wheels, LLC, d/b/a DBA MHT Luxury Alloys in May 2019, thereafter operating as a joint entity under the "Wheel Pros" name. *Id.* at ¶¶7-8. Defendants MHT Luxury Alloys and Wheel Pros are hereinafter collectively referred to as "Defendants."

Plaintiff is an original equipment manufacturer in the field of wheels and automotive parts. Plaintiff controls its supply chain, and often combines its own designs with the products of other wheel manufacturers. *Id.* at ¶16. Among Plaintiff's operations are rims with distinctive designs; many of these unique designs are protected by valid and enforceable U.S. patents. *Id.* at ¶17. One of the enforceable patents is U.S. Patent No. D890,069 ("'069 Design Patent"): the subject design of this dispute. *Id.* at ¶18.

Plaintiff submitted an application for the '069 Design Patent in December 2018. *Id.* at ¶23. On August 16, 2019, the World Intellectual Property Organization published the application and granted Plaintiff provisional rights to the patent. *Id.* at ¶24. Plaintiff's patent rights to the '069 Patent were formally granted on July 24, 2020. *Id.* at ¶22.

The '069 Design Patent claims protection of "the ornamental design for [a] wheel rim" that features a unique spoke composition. *Id.* at ¶29. Plaintiff's '4Play' product line contains model wheels that practice the '069 Design Patent. *Id.* at ¶30. One of these models is the 4P80 ("OE Wheels Representative Product"), which

Plaintiff included in the amended complaint. *Id.*  The OE Wheels Representative Product follows all statutory marking requirements. *See* 35 U.S.C. § 287(a); Doc. 27-4.  Plaintiff is the exclusive and authorized manufacturer and distributor of products utilizing the '069 Patent in the United States (Doc. 27 ¶19).

Defendants maintain a 'Siege' product line that Plaintiff alleges infringes the '069 Design Patent ("Accused Products"). *Id.* at ¶32.  The Accused Products allegedly have a very similar appearance to the OE Wheels Representative Products, are available in the same sizes and finishes as Plaintiff's patented products, and have been described by consumers as having "striking similarity" to Plaintiff's '4Play' line of rims. *Id.* at ¶¶33-35, 39.  Defendants have effectuated numerous sales of Accused Products to a variety of purchasers, including Wheel Tec (Doc. 27 ¶35) and a third-party purchase of the Siege Model D706 through CarID.com; the Accused Products are also available for direct purchase on Defendants' website. *Id.* at ¶¶34, 47; *see* Doc. 27-5.  Thus, Plaintiff alleges that third parties have indirectly infringed Plaintiff's '069 Design Patent. *Id.* at ¶¶38, 45.

Plaintiff further alleges that, before the ceremonial grant of the '069 Design Patent, but after Plaintiff's grant of provisional rights, Defendants sold infringing products even though they had received notice of their potential infringement on multiple occasions. *Id.* at ¶¶19-21, 26, 46-49.  First, Plaintiff alleges that Defendants had constructive knowledge of the '069 Patent claim as early as August 16, 2019, when the application was published to the public. *Id.* at ¶¶24-25, 47.  Next, Plaintiff's counsel sent a letter to Defendants on August 14, 2020. *Id.* at ¶21; *see* Doc. 27-19.  The letter

highlighted Plaintiff's rights to the '069 Patent, referenced the application's publication, and identified a specific group of Defendants' products to assess for possible infringement (Doc. 27 ¶21). Plaintiff's counsel subsequently engaged in email and telephone exchanges with Defendants' counsel wherein Plaintiff "sought in good faith to avoid litigation." *Id.* at ¶¶48-49. Plaintiff alleges that Defendants did not cease its infringing conduct. *Id.*

Plaintiff now sues Defendants for infringing the '069 Design Patent. *Id.* at ¶¶1-56. Plaintiff contends Defendants' conduct is intentional, willful, and wanton, thus entitling Plaintiff to compensatory damages under 35 U.S.C. § 284. *Id.* at ¶50. Moreover, Plaintiff asserts this is an "exceptional case" under 35 U.S.C. § 285. *Id.* at ¶51. The amended complaint alleges one count of willful design patent infringement against Defendants under theories of direct or indirect infringement, as well as an equitable claim of accounting. *Id.* at ¶¶43-56. Plaintiff requests damages in the amount of the total profit Defendants received as a result of their infringement, the actual damages Plaintiff sustained by virtue of Defendants' infringement, and no less than a reasonable royalty. *Id.* at ¶¶53-55. Plaintiff further requests that the Court make a finding of willful infringement, enter a preliminary injunction[2], and facilitate monetary and equitable relief to make Plaintiff whole. *Id.* at ¶¶1-3, 7-8.

Defendants move to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and alternatively move for a more

---

[2] The Court notes that Plaintiff has not filed a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65 or Local Rules 6.02 and 3.01, Middle District of Florida.

4

definite statement under Rule 12(e) (Doc. 31).   Defendants contend Plaintiff's allegations are vague and do not establish factual grounds for relief due to their lack of specificity regarding the Siege product line's alleged infringement of the '069 Patent. *Id.* at 5-7.   Defendants further argue that Plaintiff's allegations amount to a shotgun pleading that fails to provide proper notice, and that they do not have an adequate factual basis to frame a response to Plaintiff's infringement claims. *Id.* at 9-10. Additionally, Defendants argue that the amended pleading is insufficient because it failed to consider an element of the "ordinary observer" test. *Id.* at 11-12.

Responding in opposition, Plaintiff argues that it met all requirements of a well-pleaded design patent infringement claim, which entails a plausible inference that the ordinary observer test would be satisfied given the similarity between the Siege product line and the OE Wheels Representative Product. Doc. 34 at 8-11.   Defendants reply that Plaintiff mischaracterizes the nature of the ordinary observer test and design patent infringement claim construction at the pleading stage. Doc. 41 at 2-6.

## II.   **LEGAL STANDARD**

### A. Shotgun Pleadings

A complaint must include a "short and plain statement showing that the plaintiff is entitled to relief." Fed. R. Civ. P. 8(a).   Parties are required to state their claims with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. Fed. R. Civ. P. 10(b).   Failing to comply with these rules may result in the complaint being dismissed as a shotgun pleading.

Four types of shotgun pleadings exist. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-22 (11th Cir. 2015).  The first and most common is a complaint flawed by count 'stacking': a complaint that contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where all but the first count contain irrelevant information and/or legal claims. *Id.*; *see also Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n. 22 (11th Cir. 2010); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006).  Second, a court will strike a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.  The third type is when the pleading groups several causes of action together, each with its own legal standard. *See id.*; *see also Ledford v. Peeples*, 605 F.3d 871, 892 (11th Cir. 2010).  The final type of shotgun pleading is one where multiple claims are asserted "against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1322.  The core deficiency among all variants of the shotgun pleading is the failure to provide defendants with adequate notice of the claims and the claims against them and their accompanying grounds for relief. *Id.*

### B.  Motion for More Definite Statement

Rule 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  The party must

make the motion before filing a responsive pleading and must direct the court to the defects complained of and the details desired. *Id.* "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." *Id.* Courts disfavor the use of Rule 12(e) because it is often used to delay the proceedings. *Royal Shell Vacations, Inc. v. Scheyndel*, 233 F.R.D. 629, 630 (M.D. Fla. 2005). Courts should grant motions for more definite statements only where the pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. *Id.* A defendant should not use a motion for more definite statement as a means of discovery. *Pucci v. USAir*, 940 F. Supp. 305, 310 (M.D. Fla. 1996).

### C. Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).   The Court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III.   DISCUSSION

Defendants raise three arguments regarding the sufficiency of Plaintiff's amended complaint: (1) Plaintiff's allegations amount to a shotgun pleading; (2) the amended complaint is too vague; and (3) the contents of the amended complaint fail to state a plausible claim for relief for patent infringement. Doc. 31 at 7-12.

The Court agrees that the amended complaint is a shotgun pleading that is subject to dismissal without prejudice and with leave to amend.   Although this conclusion resolves the motion to dismiss, the Court will also address the other grounds of Defendants' motion in an effort to facilitate the orderly and efficient resolution of this action. *See zIT Consulting GmbH v. BMC Software, Inc.*, 6:15-cv-1012-RBD-KRS, 2016 WL 231215, *3 n.4 (M.D. Fla. Jan. 15, 2016) (overruled on other grounds).   Defendants' motion for a more definite statement is due to be denied because the amended complaint provides Defendants with adequate notice regarding the nature and basis of Plaintiff's allegations of design patent infringement.   Moreover, Defendants' motion pursuant to Rule 12(b)(6) is denied because the amended complaint meets the requirements of a well-pleaded design patent infringement claim.

### A. Plaintiff's Amended Complaint is a Shotgun Pleading that is Subject to Dismissal Without Prejudice.

The amended complaint is a shotgun pleading under the third category of shotgun pleadings because Count I presents more than one claim for relief. It is therefore subject to dismissal with leave to amend.

As an initial matter, the Court disagrees with Defendants that the amended complaint is a shotgun pleading because it is vague as to which accused models allegedly infringe the patent. Doc. 31 at 8. The amended complaint is not "replete with conclusory, vague, and immaterial facts not obviously connected to any cause of action," *Weiland*, 792 F.3d at 1322, such that it falls under the second category of shotgun pleading. As discussed in more detail in Sections B and C, *infra*, Plaintiff has satisfied the requirements of a well-pleaded patent infringement claim that provides adequate notice to Defendants. *See Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1372 (Fed. Cir. 2013);[3] Doc. 34 at 6-7. Plaintiff cited to the authority of a particular patent statute, provided a factual basis supporting ownership over a specific design patent, and alleged facts supporting both direct and indirect liability. Doc. 27 ¶¶9, 22-30, 32-42.

---

[3] The substantive law of the United States Court of Appeals for the Federal Circuit governs patent cases. *See In re RS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (applying the regional circuit's procedural law because the petition did not involve substantive issues of patent law). The United States Court of Appeals for the Federal Circuit has "exclusive jurisdiction . . . of an appeal from a final decision of a district court of the United States . . . in any civil action arising under . . . any Act of Congress relating to patents . . . ." 28 U.S.C. § 1295(a)(1).

However, the Court will dismiss the amended complaint under the third category of shotgun pleadings, because it groups multiple causes of action under the veil of a single count. *See Weiland*, 792 F.3d at 1322; *see also Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011) (noting that shotgun pleadings lump claims together in one count); *Kennedy v. Bell S. Telecomm., Inc. (AT&T)*, 546 F. App'x 817, 818, 820 (11th Cir. 2013) (recognizing a "one-claim-per-count rule" under Fed. R. Civ. P. 10(b)).

A patent infringement complaint may not combine multiple types of infringement in one count. In *zIT Consulting GmbH v. BMC Software, Inc.*, 6:15-cv-1012-RBD-KRS, 2016 WL 231215, *3 (M.D. Fla. Jan. 15, 2016) (overruled on other grounds), for example, the court dismissed a complaint as a shotgun pleading where it "improperly lump[ed] numerous distinct claims and legal theories together in a single count[,]" including indirect and direct infringement theories. *See also Advanced Screenworks, LLC v. Mosher*, 2:19-cv-758-JES-MRM, 2020 WL 94562, *2-3 (M.D. Fla. Jan. 8, 2020) (dismissing complaint without prejudice as an improper shotgun pleading where it alleged one claim of "directly infringing and/or inducing infringement and/or contributorily infringing the [] patent"); *Sundesa, LLC v. JH Studios, Inc.*, 8:19-cv-1809-CEH-AAS, 2020 WL 4003127, *4 n.3 (M.D. Fla. July 15, 2020) (Honeywell, J.) (dismissing complaint as another type of shotgun pleading, but noting that a count combining direct and indirect infringement likely qualified as a shotgun pleading as well).

Here, Count I alleges both that Defendants have directly infringed the patent (Doc. 27 ¶45) and indirectly infringed it by inducing retailers to directly infringe (*id.*

10

¶46).[4]   While the standards for direct and indirect infringement overlap in some respects, they rely on distinct legal theories and underlying facts. *See* Section C, *infra*. The amended complaint is therefore subject to dismissal, without prejudice and with leave to amend.

### B.  Plaintiff's Amended Complaint Is Not So Vague as to Prevent Defendants from Reasonably Providing an Answer.

Defendants request that this Court direct Plaintiff to file a second amended complaint under Rule 12(e) because the current pleading makes only a bare allegation of infringement, with no reference to specific products of Defendants' Siege line that allegedly infringe, nor how they are presumed to infringe the '069 Design Patent. Doc. 31 at 5-7, 13.  The Court disagrees.

Defendants argue that the amended complaint is too vague regarding willful design patent infringement because it does not acknowledge different wheels in the

---

[4] Unlike most shotgun pleadings, the amended complaint does contain enough clarity to provide notice to Defendants and allow the court to determine that Plaintiff has stated a claim upon which relief may be granted as to both types of infringement. *See* Sections B *and* C, *infra*; *see also Targus Int'l LLC v. Group III Int'l, Inc.*, 20-21435-Civ-Scola, 2020 WL 6212520, *3 (S.D. Fla. Oct. 22, 2020) (noting that Plaintiff "should not have" combined direct and indirect infringement claims into a single count, but choosing not to dismiss complaint because the allegations were "ultimately informative enough to permit a court to readily determine if they state a claim upon which relief may be granted") (citations omitted).  However, courts in this Circuit have made clear the dangers of permitting a shotgun pleading to proceed: "Left unchecked, the parties' improper pleadings will complicate appellate review, impede the administration of justice, foster unnecessary expense, and prolong the confusion and complexity of the issues raised by the parties." *zIT Consulting*, 2016 WL 231215, at *3 (citing *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 367 (11th Cir. 1996); *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that all may be "lost" if a district court fails to "demand repleader" of shotgun pleading)).  The Court will therefore afford Plaintiff the opportunity to properly articulate its claim in an amended pleading.

Siege product line with ornamental design features that an ordinary observer would find to be significantly different from those claimed in the '069 Patent. *Id.* at 6. Emphasizing that the '069 Patent protects a spoke configuration with a "Y" shape within the teardrop shape of one end of the spoke, Defendants contend only one of the wheels in the Siege product line "even resemble[s] the appearance of the bottom part of the ornamental design claimed in the '069 patent." *Id.* at 4-5. Defendants conclude that the amended complaint "ambiguously asserts infringement" of the entire Siege product line, rather than highlighting "ornamental design features of specific, ornamentally distinct, models of wheels." *Id.* at 6.

In patent infringement cases, courts have found Rule 12(e) relief appropriate where the complaint fails to identify any allegedly infringing product or at least set forth a limiting parameter. *VPR Brands, LP v. HQDTech USA LLC*, 21-cv-21678-BLOOM/Otazo-Reyes, 2021 WL 5013803, *7 (S.D. Fla. Oct. 28, 2021). An exemplary product may constitute a limiting parameter. *Nichia Corp. v. Vizio, Inc.*, 2:16-cv-1453-JRG, 2017 WL 3836141, *11 (E.D. Tex. July 24, 2017) (exemplary products "provide sufficient notice for [defendant] to defend itself").

Here, the amended complaint is not so vague as to prevent Defendants from reasonably responding because it set forth multiple limiting parameters. *See VPR Brands*, 2021 WL 5013803, at *7. Plaintiff directed Defendants to inspect their Siege product line wheel rims in light of the '069 Patent, which it provided to Defendants. Doc. 27¶¶21, 25, 47. In response, Defendants were able to split their allegedly infringing products into two categories: one that has a similar "Y" spoke design to the

'069 Patent, and one that does not. Doc. 31 at 3-7, 9-12. Their ability to do so demonstrates that Defendants are plainly aware of the nature and basis of the claims brought against them. *Id.* Additionally, the amended complaint includes an exemplary product that provides Defendants with sufficient notice to form their response. *Nichia*, 2017 WL 3836141, at *11; Doc. 27 ¶30. In all, Defendants' response shows a strong grasp of the allegations against them, permitting them to advance substantive, though premature, legal theories even at this stage.[5] *Id.* at 3-7, 9-12; Doc. 41 at 1-6.

The amended complaint is not so vague as to prevent Defendants from reasonably providing an answer. Fed. R. Civ. P. 12(e). Plaintiff identified a specific line of Defendants' products with which it took issue, attached the patent it was seeking to vindicate, and stated the alleged means of Defendant's infringement. Doc.

---

[5] As mentioned *supra*, n.1, Defendants' motion to dismiss advances an argument regarding the use of prior art. However, consideration of prior art is not required at the pleading stage. Defendants' reliance *on Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008) misses the mark because that case did not address a requirement of the pleading stage. In *Egyptian Goddess*, the Federal Circuit restated the legal standard for patent infringement cases: the ordinary observer test. *Id.* at 672; *see Gorham Co. v. White*, 81 U.S. 511, 528 (1871) (stating infringement is determined by comparison of the protected design and the accused article from the perspective of an ordinary observer). Cases following *Egyptian Goddess* have made clear that its holding does not mandate excessive detail in pleadings for design patent infringement. *See, e.g., Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (listing the five elements of a properly pleaded patent infringement claim). In *Hall*, the Court held that prior art is not required at the pleading stage. *Id.* at 1372. Instead, prior art is often utilized by defendants as part of a counterclaim based on "obviousness." But obviousness is a legal question to be resolved once pertinent facts are uncovered after discovery. *See Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1137 (Fed. Cir. 1985) ("the scope and content of… prior art…are factual issues that underlie the legal question of obviousness"); *Mobile Telecomms. Techs., LLC v. UPS, Inc.*, 173 F.Supp 3d 1324, 1336 (N.D. Ga. 2016) (stating the prior art defense is "often substantially reliant on evidence"). This argument is therefore premature for a motion to dismiss.

27 ¶¶21, 29, 32-38.  Defendants' motion for a more definite statement is therefore due to be denied.

### C. The Amended Complaint Withstands the Motion to Dismiss Under 12(b)(6) Because Its Claims Provide Defendants with Adequate Notice.

Defendant's final argument is that the amended complaint fails to state a plausible claim for relief under Fed. R. Civ. P. 12(b)(6) for patent infringement. Doc. 31 at 5-7.  Subject to its conclusion in Section A, *supra*, the Court finds that the amended complaint satisfies the requirements of a well-pleaded design patent infringement claim under theories of direct and indirect infringement.

Liability for design patent infringement can be established on a theory of direct or indirect liability. *Compare Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1339 (Fed. Cir. 2018) *with Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017).  The ultimate difference between the two theories is which party is committing the infringing act.  A theory of direct infringement liability provides that the defendant is the firsthand infringer of the claimant's patent; indirect infringement liability is when the defendant enables a third party to infringe the claimant's patent:

> Encouraging or instructing others to perform an act is not the same as performing the act oneself and does not result in direct infringement. This is evidenced by the fact that 35 U.S.C.S. § 271 has separate subsections addressing induced and contributory infringement. When a party participates in or encourages infringement but does not directly infringe a patent, the normal recourse under the law is for the court to apply the standards for liability under indirect infringement. However, indirect infringement requires, as a predicate, a finding that some party is directly liable for the entire act of direct infringement . . .

14

*Akamai Techs., Inc. v. Limelight Networks, Inc.*, 786 F.3d 899, 904 (Fed. Cir. 2015). There can be no indirect infringement without underlying direct infringement. Thus, in any infringement complaint, claims of direct infringement are asserted prior to claims of indirect infringement. Direct and indirect infringement have similar, rather lenient, pleading standards under *Twombly* and *Iqbal*, focusing primarily on providing defendants with sufficient notice regarding their misconduct. *Compare Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1372 (Fed. Cir. 2013) (stating elements of a well-pleaded direct infringement complaint) *with Oasis Research, LLC v. Adrive, LLC*, 4:10-cv-00435, 2011 WL 7272473, *11 (E.D. Tex. Sept. 13, 2021) (the context of a well-pleaded complaint nullifies the need to list third parties in an indirect infringement claim).

Under 35 U.S.C. § 284, a court may impose heightened damages if it finds the defendant's infringement was intentional, willful, and wanton. Both direct and indirect infringement liability can serve as the basis for relief for increased damages recoverable for a claimant. Therefore, requests for relief pursuant to Section § 284 ordinarily advance theories of direct and indirect infringement, in that order. *See* Doc. 27 ¶¶44-50. Willful infringement contains a heightened scienter requirement: knowledge or reckless disregard of a claimant's patent rights preceding the infringement. *See, e.g., Spencer v. Taco Bell Corp.*, 8:12-cv-387-SDM-TGW, 2012 WL 12904396, *4 (M.D. Fla. Oct. 22, 2012).

## 1. Direct and Indirect Infringement

Infringement pleadings under a direct or indirect theory need only allege enough facts to suggest discovery could reveal the defendant is liable for the misconduct alleged. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (citing *Twombly*, 550 U.S. at 556). The complaint must place the "potential infringer … on notice of what activity is being accused of infringement." *Nalco*, 883 F.3d at 1339. A plaintiff need not provide an "exposition of his legal argument," which could have the counteractive effect of "plead[ing] itself out of the court" due to overly detailed allegations better reserved for trial proceedings. *E.g.*, *Nichia*, 2017 WL 3836141, at *10.

A well-pleaded direct infringement complaint requires the plaintiff to: (1) allege ownership of the patent; (2) name each defendant; (3) cite the patent allegedly infringed; (4) state how the defendant allegedly infringes; and (5) point to the sections of patent law invoked. *Hall*, 705 F.3d at 1362. If these elements are present, the plaintiff has provided "enough detail to allow the defendant(s) to answer," especially when an exemplary product is provided. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007); *see also Global Tech Led, LLC v. Every Watt Matters, LLC*, 15-cv-61933-BLOOM/Valle, 2016 WL 8739321, *11 (S.D. Fla. Aug. 1, 2016) (plaintiff's complaint did not name defendant's allegedly infringing products, but still provided defendants enough notice to respond).

For a claim of indirect infringement to survive a motion to dismiss, the complaint must plead facts plausibly showing that the accused infringer "specifically

16

intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). At the pleading stage, intent may be inferred when a claimant plausibly alleges the defendant had prior knowledge of the patent and knew that the other party's acts constituted infringement. *See Nalco*, 883 F.3d at 1337. There is no underlying requirement for a plaintiff to identify the directly infringing parties because the "context of the complaint" puts defendants on notice of what they must defend against. *Oasis Research*, 2011 WL 7272473, at *11 (citing *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 540 (E.D. Tex. 2010). A proper claim for indirect infringement therefore advances facts tending to show (1) the defendant's knowledge of the patent's existence, and (2) "that at least one direct infringer exists" *Bill of Lading*, 681 F.3d at 1336; *see Oasis Research*, 2011 WL 7272473, at *11

Here, the amended complaint satisfies the pleading requirements for direct patent infringement. Plaintiff provided notice to Defendants on multiple occasions. In a notice letter sent to Defendant Wheel Pros on August 14, 2020, Plaintiff enclosed the '069 Patent and urged Defendants to examine the Accused Product in light of Plaintiff's protected design. Doc. 27 ¶21. Plaintiff further alleges that email and telephone exchanges following the letter provided additional notice. *Id.* at ¶48. The amended complaint contains enough detail for Defendants to identify which conduct was allegedly infringing the '069 Patent. *Id.* at ¶¶25, 48; s*ee, e.g.*, *Nalco*, 883 F.3d at 1339. Moreover, the amended complaint contains an exemplary product for

17

Defendants to compare with Plaintiff's design patent (Doc. 27-4); this alone alleged "enough detail to allow the defendants to answer," *see McZeal*, 501 F.3d at 1357—as demonstrated by Defendants' motion to dismiss, which is well-versed in the factual and legal basis of Plaintiff's claims. Doc. 31 at 3-7, 9-12.

Beyond fulfilling baseline notice requirements, the amended complaint outlines a thorough factual basis that creates a plausible inference of Plaintiff's entitlement to relief. Plaintiff alleges ownership of the '069 Patent in its notice letter and the amended complaint (Doc. 27-1, 27-19).  Plaintiff names each Defendant in their individual and joint capacity. *Id.* at ¶¶1-8.  The amended complaint alleges facts outlining theories of direct and indirect infringement liability by citing specific firsthand and third-party sales of the Accused Products. *Id.* at ¶¶32-37, 44-45.  Plaintiff also cites to the statutory authority entitling it to relief under theories of direct, indirect, and willful patent infringement. *Id.* at ¶¶9, 51, 53-54.  Plaintiff has therefore adequately pleaded the theory of direct patent infringement.

Similarly, Plaintiff's theory of indirect infringement survives the motion to dismiss.  The amended complaint alleges facts that allow the Court to reasonably infer prior knowledge, intent, and the existence of a third-party infringer. *See Lifetime*, 869 F.3d at 1379; Doc. 27 ¶¶32-51.  Plaintiff has sufficiently alleged that Defendants' actions facilitated others' infringement by sales to third-party infringers through its online catalogs, a first-hand transaction to a customer, and a purchase from CarID.com. *Id.*; Doc. 27 ¶¶34-37.  These transactions occurred after Defendants received notice of their alleged infringement from a notice letter and exchanges with

Plaintiff's counsel, thereby sufficiently pleading the intent and prior knowledge elements. Doc. 27 ¶¶21, 34-37, 47-49.   Additionally, Plaintiff plausibly establishes "that at least one direct infringer exists," even identifying the direct infringers. *See Bill of Lading*, 681 F.3d at 1336; *Oasis Research*, 2011 WL 7272473, at *11; Doc. 27 ¶¶34-37.   The amended complaint therefore alleges enough facts that, if accepted as true, support a plausible claim to relief under a theory of indirect infringement.

### 2.   Intentional, Willful, and Wanton Infringement

The amended complaint further alleges that the design patent infringement was "intentional, willful, and wanton" under 35 U.S.C. § 284.   Section 284 permits enhanced damages with a showing of willful infringement. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016) (district courts have significant discretion to award enhanced damages under the Patent Act).   To state a claim for willful patent infringement, a plaintiff must allege that the alleged infringer: (1) knew of the patent; (2) infringed the patent after having acquired that knowledge; and (3) had knowledge or reckless disregard that its conduct amounted to patent infringement. *See, e.g.*, *PPG Indus. Ohio, Inc. v. Axalta Coating Sys., LLC*, 21-346-LPS-SRF, 2022 WL 610740, *15 (D. Del. Jan. 26, 2022) (citing *VLSI Tech., LLC v. Intel Corp.*, 18-966-CFC, 2019 WL 1349468, *1 (D. Del. Mar. 26, 2019) (knowledge of the patent and knowledge of infringement are elements of willful, induced, and contributory infringement)). Alleging willfulness does not rise to the level of particularity required to plead fraud. *See Halo*, 579 U.S. 93 at 105; *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc.*

*v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003).  A plaintiff need only allege facts allowing a court to plausibly infer the defendants had, or should have had, knowledge of their infringement at an earlier date, then continued to infringe directly, or declined to cease its conduct that allegedly facilitated indirect infringement. *See, e.g.*, *WBIP v. Kohler Co.*, 829 F.3d 1317, 1340 (Fed. Cir. 2016).

Here, Plaintiff's allegations sufficiently allege that Defendants had notice of their direct and indirect infringement regarding the Siege product line as early as August 14, 2020, when they received Plaintiff's notice letter, followed by telephone and email communications with Plaintiff's counsel (Doc. 27 ¶¶46, 48).  Defendants continued to infringe, however, despite Plaintiff urging them to compare the Accused Products to the claimed design and take corrective action. *Id.* at ¶49.  Taken together, the Court may plausibly infer Defendants had prior knowledge of their allegedly infringing conduct yet continued to infringe directly and indirectly despite their knowledge or disregard of the risk their conduct posed. *See WBIP*, 829 F.3d at 1340.

In all, the amended complaint survives a motion to dismiss under Rule 12(b)(6) because it adequately and plausibly pleads allegations supporting direct and indirect infringement, as well as willful or wanton infringement under both theories.

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Dismiss, or, in the alternative, Motion for a More Definite Statement (Doc. 31) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

2. Plaintiff's Amended Complaint for Patent Infringement and, Demand for Jury Trial, Injunctive Relief Sought (Doc. 27) is **DISMISSED, without prejudice, as a shotgun pleading**.

3. Plaintiff is granted leave to file an amended complaint, which cures the deficiencies discussed in this Order, within **FOURTEEN (14) DAYS** of the date of this Order.  Failure to file an amended complaint within the time prescribed will result in the dismissal of this action, without prejudice, without further notice.

4. Defendants' Motion is in all other respects **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 25, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

21